IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD ISLER, #140597**                                                                  **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO. 1:12-CV-117-LG-JMR**

**PRESTON GOFF, ET AL.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Isler, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on April 16, 2012. The named Defendants are: Preston Goff, Warden; Unknown Dickerson, Captain; Jonathan Miller, Lieutenant; and Christopher Epps, Commissioner of MDOC. Upon liberal review of the Complaint, Response [9], and Memorandums in Support [3, 10] the Court has reached the following conclusions.[1]

Plaintiff complains about a rule violation report (RVR) issued to him at the George County Regional Correctional Facility on October 9, 2011, for being in possession of a cell phone. According to the Plaintiff, the RVR stated that an investigation revealed that a number on his approved phone list was found on the cell phone. Plaintiff states that at the disciplinary hearing another inmate testified

---

[1] On April 30, 2012, the Court entered an Order [8] directing Plaintiff to file a written response to clarify the named Defendants, state what punishment was imposed as a result of the complained of rule violation report, and state what injury, if any, he suffered due to the Defendants' alleged actions. On May 16, 2012, Plaintiff filed a Response [9] wherein he clarified that Goff, Dickerson, Miller and Epps are the only named Defendants.

that he had placed the number on the Plaintiff's phone list and that he had been the person to use the cell phone. Plaintiff was found guilty of the violation. As a result, he lost all privileges and was removed from "trusty" status for six months. Plaintiff claims that in light of the testimony at the disciplinary hearing, this guilty finding is clearly erroneous. Plaintiff further alleges that when this guilty finding was upheld by the administrative remedy program it demonstrated a conspiracy; thus his constitutional rights have been violated. Plaintiff also asserts his belief that since he will not earn trusty time for six months that he will actually serve an additional term of incarceration.[2] As relief, Plaintiff is requesting monetary damages. He further asks that the punishment imposed for the RVR be "rescinded,' and that all copies of the "RVR be removed from the Plaintiff's files." Compl. at 6.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[3] in this

---

[2] Such a contention is factually inaccurate. As explained by the Mississippi Supreme Court, "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss. Code Ann. § 47-5-138.1 (Rev.2004)).

[3] Plaintiff was granted permission to proceed *in forma pauperis* on April 30, 2012.

2

action; therefore, his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990) (citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when he lost certain prison privileges and his classification level was changed. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36

(5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). In sum, Plaintiff does not have a constitutionally protected right to visitation privileges, phone privileges and canteen privileges or a certain classification level (including trusty status) while in prison.

To the extent Plaintiff may be asserting that MDOC policy and procedure was violated by this RVR and resulting punishment, and by the lack of a favorable response to his grievances, these allegations, without more, simply do not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that inmate does not have a federally protected liberty interest in having prison

grievances resolved to his satisfaction). Furthermore, to the extent Plaintiff is asserting that the responses to his grievances establish a claim of conspiracy, he is not entitled to relief. *See Farr v. Rodriguez*, 255 F. App'x 925, 926 n.1 (5th Cir. 2007) ("In the absence of a claim establishing a due process violation, the district court correctly dismissed Farr's claim that prison officials conspired to violate his rights."); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984) (requiring actual deprivation of constitutional right for conspiracy claim under § 1983).

## II. Conclusion

As explained above, Plaintiff's loss of prison privileges and change in his custody level, do not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996) (affirming frivolous dismissal of § 1983 suit arising out of classification level); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000) (dismissed as frivolous appeal of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[4] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the

---

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

full filing fee to file a civil action or appeal.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE